**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Blackpool, LLC, et al.,<br><br>　　　　Defendants. | No. CV 09-1071-PHX-DGC<br><br>**TEMPORARY RESTRAINING ORDER** |

Plaintiff, Dr. Guenter Stetter, has filed an ex parte application for a temporary restraining order ("TRO") against Defendants. Dkt. #7. The Court held a hearing on the application on July 20, 2009. Counsel for Plaintiff and Defendant Wells Fargo participated.

For Plaintiff to obtain temporary injunctive relief, he must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. NRDC*, --- US ---, 129 S.Ct. 365, 374 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Court will address each of these requirements.

**1.　Likelihood of Success on the Merits.**

Plaintiff has shown a likelihood of success on the merits. He has established by affidavit that he entered into an investment contract with Defendant Blackpool, LLC on or about February 12, 2009. Dkt. #7-5. The agreement, which also included Defendants Burton

Gould and John Bickley, provided that Blackpool would not invest Plaintiff's funds "without prior approval" of Plaintiff. The agreement further provided that Plaintiff's invested funds would be used only "in the interest of" Plaintiff and "for business purposes," and that Blackpool would submit "a written report of any and all activity that uses the managed assets of Dr. Guenter Stetter within 30 days of use." *Id*. There appears to be some question as to whether or not Bickley and Gould ever signed the agreement. Even if they did not, however, the agreement appears to set forth the terms of the oral agreement upon which Plaintiff provided Blackpool with $350,000. Plaintiff further has established that some or all of the funds have been invested with Defendant thinkorswim, Inc. and Defendant Wells Fargo Bank.[1]

Plaintiff has established that Defendants have stopped communicating with him about his investment, have failed to file reports, and no longer appear to be abiding by the obligation to seek his approval of all investments. Because Plaintiff appears likely to succeed on his claim that Defendants have breached the written or oral agreement of February 12, 2009, a likelihood of success on the merits has been established.

**2. Likelihood of Irreparable Harm.**

Plaintiff's affidavit establishes that Blackpool, LLC, Gould, and Bickley appear to have no assets from which Plaintiff could recover a judgment in this case. These individuals have also refused to communicate with Plaintiff about the status of his funds or where they are being held. It appears likely that Plaintiff will be unable to recoup his funds if the transfer of funds is not restrained by this Court. Plaintiff has established a likelihood of irreparable harm.

---

[1] Plaintiff also seeks to include Bank of Hawaii, Blackpool, Ltd. (a Hawaii corporation), and Joel Adelman, a Hawaii attorney, in the TRO. The TRO will not name Blackpool, Ltd. or Mr. Adelman because they are not named as Defendants in this case. The TRO will not include Bank of Hawaii because Plaintiff's counsel was unable to demonstrate at the TRO hearing that this Court has personal jurisdiction over Bank of Hawaii. These persons and entities may nonetheless be bound by the TRO pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.

**3. Balance of Equities.**

Defendants Blackpool, LLC, Gould, and Bickley obtained $350,000 from Plaintiff with the understanding that they would invest the funds pursuant to Plaintiff's consent and would provide regular reports of the investments. Defendants no longer are honoring these obligations. Plaintiff no longer is able to determine the status of his invested funds or what Defendants are doing with them. Clearly, the balance of equity tips in Plaintiff's favor.

**4. Public Interest.**

Holding parties to their contractual obligations is clearly in the public interest. Requiring investment advisors to keep their clients apprised of the status of the client's investments is likewise in the public interest. The Court concludes that granting a TRO is in the public interest.

**IT IS ORDERED:**

1. Blackpool, LLC, Burton D. Gould, and John R. Bickley IV are restrained from transferring or expending any funds or other assets that constitute some or all of the proceeds of the $350,000 in funds received from Plaintiff, Dr. Guenter Stetter.

2. thinkorswim, Inc., a Delaware corporation, is restrained from transferring funds in Blackpool, LLC account #84659267 pending further order of this Court;

3. Wells Fargo Bank is restrained from transferring funds in Blackpool accounts 510330634, xxx-xxx-2049 and xxx-xxx-3129 pending further order of this Court.

4. This Temporary Restraining Order shall become effective upon Plaintiff's posting of a cash bond in the amount of $5,000.

5. Blackpool, LLC, shall provide Plaintiff, by July 29, 2009, a verified accounting for the $350,000 in funds received from Plaintiff, identifying with specificity any transfer of the funds or the proceeds of those funds, including the name, address, telephone number and related account number, if any, of each recipient, and the reason and/or consideration, if any, for any such transfer.

6. A preliminary injunction hearing will be held on **July 30, 2009 at 10:00 a.m.** This TRO shall remain in effect until the close of the preliminary injunction hearing.

7. Plaintiff shall promptly post the cash bond and shall promptly thereafter provide Defendants with notice of this TRO.

8. Pursuant to Rule 65(d)(2), this TRO is binding on Blackpool, LLC, Burton D. Gould, and John R. Bickley IV, as well as their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them.

Dated this 20th day of July, 2009 at 1:00 p.m.

_____
David G. Campbell
United States District Judge

cc: Plaintiff
Def. Wells Fargo