1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany,<br><br>    Plaintiff,<br><br>vs.<br><br>Blackpool, LLC, et al.,<br><br>    Defendants. | No. CV 09-1071-PHX-DGC<br><br>**PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE** |

    The Court entered a Temporary Restraining Order ("TRO") on July 20, 2009. Dkt. #12. The TRO set a preliminary injunction hearing for July 30, 2009. The hearing was held as scheduled and was attended by Plaintiff's counsel (by phone), Defendant Burton D. Gould, and counsel for Defendant Wells Fargo. Plaintiff's counsel explained that he had served the TRO on Mr. Gould in his individual capacity and as a managing member of Blackpool, LLC, that he had sent a copy of the TRO to Joel Adelman, a Hawaii attorney who represents Defendant John R. Bickley IV, and that he also sent a copy of the TRO to thinkorswim, Inc.

    Defendant Gould agreed that he had received service of the TRO, but asserted that he is not a managing member of Blackpool, LLC and has no control over its activities. Mr. Gould asserted that Mr. Bickley has complete control of Blackpool, LLC. Mr. Gould further explained that he has prepared a motion to dissolve the TRO and a motion to stay this action in light of pending Hawaii litigation, but that these motions erroneously were sent to the

Tucson division of this Court. Because they have not been filed in this case, the Court will not address them. When they are filed in this case, Plaintiff's counsel may file a response, Mr. Gould may file a reply, and the Court will rule.

Mr. Gould further provided an "accounting" pursuant to the TRO. The accounting did not reveal the current status of Plaintiff's funds, but instead revealed that Blackpool, LLC has paid Mr. Gould $10,000 for "mediation" services and $22,500 for paralegal services, and has paid another $11,000 to Mr. Adelman in connection with the Hawaii litigation.

Counsel for Wells Fargo confirmed that the relevant accounts at that bank have been frozen and that the accounts contain funds approximating $6,000. Counsel for Plaintiff revealed that thinkorswim holds no funds for Blackpool, LLC.

On the basis of the hearing and the materials presented in connection with the TRO, the Court reaches several conclusions.

First, the TRO should be converted to a preliminary injunction. For reasons set forth in the TRO (Dkt. #12), the Court concludes that Plaintiff has established a likelihood of success on the merits, a likelihood of irreparable harm, that the balance of equities tips in his favor, and that the public interest supports injunctive relief. Nothing revealed at the preliminary injunction hearing detracted from these conclusions. To the contrary, the hearing made clear that Plaintiff's funds no longer are held at thinkorswim, Inc. and that only a small amount of money is held at Wells Fargo. It appears that Blackpool, LLC and Mr. Bickley have moved the funds to other locations. Moreover, although Mr. Bickley received notice of the entry of the TRO and although, as discussed below, Blackpool, LLC was properly served, no accounting of Plaintiff's funds has been provided as required in the TRO. Mr. Gould has shown that approximately $43,500 of Plaintiff's funds have been spent in the Hawaii litigation against Plaintiff himself. These facts clearly demonstrate that injunctive relief is still warranted. It appears that Plaintiff's funds are being dissipated without his knowledge and in a manner contrary to the agreement he reached with Defendants.

Second, Defendant Gould was properly served with the TRO and has responded. Although his "accounting" does not disclose the status of Plaintiff's funds, it does disclose

Mr. Gould's knowledge of what has happened to some of those funds. The preliminary injunction will continue to apply to Mr. Gould.

Third, Blackpool, LLC was properly served with the TRO. Documents from the Arizona Corporation Commission identify Mr. Gould as a managing member of Blackpool, LLC. Dkt. #7-4. The agreement between Plaintiff and Blackpool, LLC, which Mr. Gould says was drafted by Mr. Bickley, identifies Mr. Gould as an authorized agent for Blackpool, LLC. On the basis of this evidence, the Court concludes that Mr. Gould is an agent and managing member of Blackpool, LLC. Rule 4(h)(1)(B) states that a corporation, partnership, or association may be served by delivering a copy of the summons and complaint to an officer, managing agent, or general agent of the organization. Service of the TRO upon Mr. Gould therefore constituted service upon Blackpool, LLC.

Fourth, Blackpool, LLC appears to be in contempt of the TRO. The TRO required an accounting of Plaintiff's funds to be provided to Plaintiff by July 29, 2009. Blackpool, LLC has provided no such accounting. The Court will schedule an order to show cause why Blackpool, LLC should not be held in contempt for failure to comply with the TRO.

Fifth, Mr. Bickley has not been served personally with a copy of the TRO. Mailing of the TRO to Mr. Adelman in Hawaii does not, in this Court's view, constitute personal service upon Mr. Bickley.

Sixth, Mr. Bickley is a managing and statutory agent and officer of Blackpool, LLC. Rule 65(d)(2)(B) states that a TRO (and this preliminary injunction) is binding on a party's officers, agents, servants, employees, and attorneys. The TRO was thus binding on Mr. Bickley as an officer and agent of Blackpool, LLC. Mr. Bickley should have caused Blackpool, LLC to produce the accounting required by the TRO. The Court will require Mr. Bickley personally to appear at the show cause hearing and explain why Blackpool, LLC did not comply with the TRO. Mr. Bickley will be required to appear regardless of whether he is personally served with a copy of the TRO and preliminary injunction between now and the show cause hearing. His failure to appear at the hearing will provide further grounds for holding Blackpool, LLC in contempt.

**IT IS ORDERED:**

1. Blackpool, LLC, Burton D. Gould, and John R. Bickley IV are restrained from transferring or expending any funds or other assets that constitute some or all of the proceeds of the $350,000 in funds received from Plaintiff, Dr. Guenter Stetter.

2. thinkorswim, Inc., a Delaware corporation, is restrained from transferring funds in Blackpool, LLC account #84659267 pending further order of this Court.

3. Wells Fargo Bank is restrained from transferring funds in Blackpool accounts 510330634, xxx-xxx-2049 and xxx-xxx-3129 pending further order of this Court.

4. This Preliminary Injunction shall remain in effect until dissolved by this Court.

5. Plaintiff's bond of $5,000 shall remain in place during the pendency of this preliminary injunction.

6. An order to show cause hearing, addressing why Blackpool, LLC should not be held in contempt, will be held on **August 4, 2009 at 9:00 a.m.** Mr. Bickley, as an agent and officer of Blackpool, LLC, shall appear in person at the hearing. Mr. Bickley shall be required to show cause why Blackpool, LLC should not be held in contempt for failure to comply with the TRO. If Mr. Bickley is personally served with the TRO or this preliminary injunction, he shall also appear personally to explain his intentions regarding compliance with the TRO and preliminary injunction.

7. On or before the close of business on **August 3, 2009**, Blackpool, LLC shall provide Plaintiff, and shall file with the Court, a verified accounting for the $350,000 in funds received from Plaintiff, identifying with specificity any transfer of the funds or the proceeds of those funds, including the name, address, telephone number and related account number, if any, of each recipient, and the reason and/or consideration, if any, for any such transfer.

8. Within **10** business days of this preliminary injunction, Wells Fargo shall provide Plaintiff with account statements for Blackpool accounts 510330634, xxx-xxx-2049 and xxx-xxx-3129.

1       9.     Pursuant to Rule 65(d)(2), this TRO is binding on Blackpool, LLC, Burton D. Gould, and John R. Bickley IV, as well as their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them.

DATED this 31st day of July, 2009.

_David G. Campbell_
United States District Judge