**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany, ) ) ) | No. CV 09-1071-PHX-DGC |
| Plaintiff, ) ) | **ORDER** |
| vs. ) ) | |
| Blackpool, LLC, et al., ) ) | |
| Defendants. ) ) | |

On August 4, 2009, the Court held the show cause hearing scheduled in the Court's order of July 31, 2009. Dkt. #17. Defendants Gould and Bickley appeared at the hearing, as did counsel for Wells Fargo. Plaintiff's counsel participated by telephone. This order will reflect the orders entered during the hearing.

1. The Court concluded that Blackpool, LLC is in contempt of the Court's Temporary Restraining Order ("TRO") entered on July 20, 2009 (Dkt. #12) and the Preliminary Injunction entered on July 31, 2009 (Dkt. #17). The Court ordered a contempt sanction of $10,000 per day to be imposed from the date of the Preliminary Injunction. The Court also made clear, however, that Blackpool, LLC can purge the contempt by producing the accounting required in the Preliminary Injunction by the close of business on Thursday, August 6, 2009. The accounting must comply with paragraph 7 of the Court's preliminary injunction (Dkt. #17) and must be transmitted to Plaintiff's counsel and filed with the Court by the close of business on August 6, 2009.

2. Defendant Bickley stated that he contests the basis for the TRO and Preliminary Injunction. The Court will hold a hearing at **9:30 a.m. on Friday, August 7, 2009**, to hear argument and evidence from Defendants Bickley and Gould as to why the Preliminary Injunction should be dissolved. If Plaintiff's counsel wishes to participate fully, he should be in attendance at the hearing. Otherwise, he will be permitted to participate by phone, but will not have access to documentary evidence presented during the hearing. The hearing will last no longer than 90 minutes.

3. By **August 14, 2009**, Wells Fargo Bank shall provide Plaintiff with the account statements called for in paragraph 8 of the Preliminary Injunction. To the extent necessary to determine the identity of individuals or entities to whom funds were transferred, Wells Fargo shall also produce cancelled checks or wire transfer documents. If such information is disclosed in the account statements, such documents need not be produced.

4. thinkorswim, Inc. shall provide counsel for Plaintiff with account statements showing the transfer of funds from account #84659267. If additional documentation is necessary to show the recipient of such transfers, such additional documentation shall be produced to Plaintiff's counsel.

5. All other terms of the Court's Preliminary Injunction shall remain in effect. As noted in paragraph 9, the Preliminary Injunction is binding on Blackpool, LLC, Burton D. Gould, John R. Bickley IV, as well as their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them.[1]

DATED this 4th day of August, 2009.

_____
David G. Campbell
United States District Judge

---

[1] The Preliminary Injunction erroneously referred to itself as a "TRO" in paragraph 9. Dkt. #17. The reference should have been to the Preliminary Injunction.