**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany, | )    No. CV 09-1071-PHX-DGC<br>)<br>) |
| Plaintiff, | )    **AMENDED PRELIMINARY**<br>)    **INJUNCTION AND RELATED** |
| vs. | )    **ORDERS**<br>) |
| Blackpool, LLC, et al., | )<br>) |
| Defendants. | )<br>) |

This order and Amended Preliminary Injunction supercedes the Preliminary Injunction entered on July 31, 2009. Dkt. #17.

The Court held a hearing on August 7, 2009. Plaintiff Guenter Stetter was represented by counsel. Defendant Wells Fargo was also represented by counsel. Defendants John R. Bickley IV and Burton D. Gould participated *pro se*.

The purpose of the hearing was to afford Defendants Bickley and Gould an opportunity to show that the Preliminary Injunction should be dissolved. *See* Dkt. #22. The hearing was also held to confirm that Blackpool, LLC had complied with the Court's order to produce a detailed accounting by the close of business on August 6, 2009. *Id.*

A flurry of documents were filed on the morning of August 7, 2009. More documents were brought to the hearing. Among the documents provided to the Court at the hearing is a purported accounting of Blackpool, LLC's use of $350,000 in funds received from Plaintiff

Stetter. The accounting was verified under oath by Mr. Bickley as an officer of Blackpool, LLC.

The Court concludes that the accounting is insufficient. This Amended Preliminary Injunction will set forth additional detail that Blackpool, LLC and Defendants Bickley and Gould must provide to Plaintiff, and must file with the Court, before the close of business on **August 11, 2009**. The Court will not seek to enforce its prior contempt ruling (Dkt. #22) at this time. Rather, the Court will afford Defendants Blackpool, Bickley, and Gould another opportunity to provide the level of disclosure required in the accounting, as explained below.

Although Defendant Bickley had requested an opportunity to demonstrate that the Preliminary Injunction should be dissolved, he stated at the August 7, 2009 hearing that he was not prepared to address this issue. He brought no exhibits to demonstrate that the Court's factual determinations in the Temporary Restraining Order (Dkt. #12) and the Preliminary Injunction (Dkt. #17) were erroneous. Defendant Gould previously had provided the Court with an affidavit concerning the facts of this case (Dkt. #21), but the Court concludes that the affidavit does not disprove any of the facts upon which the TRO and Preliminary Injunction were based. To the contrary, Defendant Gould's affidavit, in addressing the critical events in this case, merely provides assertions based on communications from Mr. Bickley.

Shortly before the August 7, 2009 hearing, Plaintiff filed a declaration and supporting exhibits. *See* Dkt. #28, 30. These exhibits confirm the Court's conclusion that Plaintiff provided $350,000 to Defendants with the understanding that he was entering into an asset management agreement with Blackpool, LLC, that he would have the opportunity to approve any investments before they were made, and that he would receive regular accountings of his investments. *See* Dkt. #30-2 at 11-12. It was on the basis of these preliminary factual determinations that the Court found a likelihood of success on the merits and entered the TRO and Preliminary Injunction. Dkt. ##12, 17.

Thus, the Court concludes that Defendants have provided no basis for dissolving the Preliminary Injunction. The Preliminary Injunction will remain in effect and, as explained

- 2 -

below, will be expanded to apply to entities created by Defendants Bickley and Gould that have received some of the proceeds of Plaintiff's funds.

In addition to arguing that the Court's factual determinations were incorrect, Defendant Gould filed a motion to dissolve the Preliminary Injunction based in part on the "first-to-file rule." *See* Dkt. #19. This rule does not require the Court to dismiss or stay this case or dissolve the Preliminary Injunction. Under the first-to-file rule, a court should "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The earlier filed action upon which Defendant Gould bases his argument is a state-court lawsuit filed in Hawaii by Blackpool, Ltd. and Blackpool, LLC against Plaintiff Stetter and a John P. Dunbar. The complaint concerns tortuous actions allegedly taken by Plaintiff and Mr. Dunbar against these entities. This case, by contrast, is between Plaintiff and Defendants Blackpool, LLC, Bickley, Gould, and various financial institutions. This case concerns the $350,000 that Plaintiff provided to Blackpool. It also concerns the proceeds of those funds. Because the parties and issues in the two lawsuits are different, the first-to-file rule does not apply and does not provide a basis for dissolving the Preliminary Injunction.

The Preliminary Injunction remains in effect. The Court will amend and expand the Preliminary Injunction as follows.

**IT IS ORDERED:**

1.     Blackpool, LLC, Burton D. Gould, and John R. Bickley IV are restrained from transferring or expending any funds or other assets that constitute some or all of the proceeds of the $350,000 in funds received from Plaintiff, Dr. Guenter Stetter. This injunction applies to any entity owned by Defendants Bickley and Gould that has received any portion of the $350,000, including Savers Park and Sell, LLC.

2.     thinkorswim, Inc., a Delaware corporation, is restrained from transferring funds in Blackpool, LLC account #84659267 pending further order of this Court.

3.     Wells Fargo Bank is restrained from transferring funds in Blackpool accounts 510330634, xxx-xxx-2049 and xxx-xxx-3129 pending further order of this Court.

4.     This Amended Preliminary Injunction shall remain in effect until dissolved by this Court.

5.     Plaintiff's bond of $5,000 shall remain in place during the pendency of this Preliminary Injunction.

6.     On or before the close of business on **August 11, 2009**, Defendants Blackpool, LLC, Bickley, and Gould shall provide to Plaintiff and file with the Court a verified accounting for the $350,000 in funds received from Plaintiff.  The accounting shall identify with specificity any transfer of the funds or the proceeds of those funds, including the name, address, telephone number and related account number, if any, of each recipient, and the reason and/or consideration, if any, for any such transfer.  The accounting shall include every automobile which has been purchased, financed, or partially financed with funds from Plaintiff.  The accounting shall include a detailed account of the expenditure of the $150,000 transferred on May 1, 2009 to Savers Park and Sell, LLC, including the name, address, telephone number, and account number of any recipient of such funds from Savers Park and Sell, LLC.  The accounting shall include a detailed account of the expenditure and current location of all funds paid to Defendant Gould.  In short, the accounting should enable Plaintiff to determine the current whereabouts of his $350,000 as well as any assets, accounts, interests, locations, or proceeds of those funds.

7.     The TRO and Preliminary Injunction have restrained the transfer of Plaintiff's $350,000 or any proceeds from the $350,000.  This restraint continues in effect.  Thus, Defendants are required to freeze assets purchased with a portion of the $350,000, freeze any accounts where a portion of such funds are located, or where proceeds from such funds are located, and conserve and freeze any assets or proceeds from the funds that come into Defendants' possession or control, or the possession or control of any entity they own or control, during the life of this Amended Preliminary Injunction.

8.     Pursuant to Rule 65(d)(2), this Amended Preliminary Injunction is binding on Blackpool, LLC, Burton D. Gould, and John R. Bickley IV, as well as their officers, agents, servants, employees, and attorneys, and any other persons or entities who are in active concert or participation with them, including any entity owned by Defendants Bickley and Gould that has received any portion of the funds of Plaintiff.

9.     Defendant Gould's motion to dissolve preliminary injunction (Dkt. #19) is **denied**.

DATED this 7th day of August, 2009.

_David G. Campbell_
_____
David G. Campbell
United States District Judge