**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany,<br><br>    Plaintiff,<br><br>vs.<br><br>Blackpool, LLC, an Arizona limited liability company, et al.,<br><br>    Defendants. | No. CV-09-1071-PHX-DGC<br><br>**ORDER** |

On July 20, 2009, the Court entered a temporary restraining order ("TRO") enjoining Defendants Blackpool, LLC, Burton Gould, and John Bickley IV from transferring or expending any funds or other assets that constitute proceeds of $350,000 in funds received from Plaintiff. Dkt. #12 at 3, ¶ 1. The order required Blackpool to provide Plaintiff, by July 29, 2009, a verified accounting for the funds, "identifying with specificity any transfer of the funds or the proceeds of those funds, including the name, address, telephone number and related account number, if any, of each recipient, and the reason and/or consideration, if any, for any such transfer." *Id.* ¶ 5.

A preliminary injunction and order to show cause hearing was held on July 30, 2009. Dkt. #15. On the basis of that hearing, the Court converted the TRO to a preliminary injunction and found that Blackpool appeared to be in contempt of Court by failing to

provide the required accounting by July 29, 2009. Dkt. #17 at 3. The Court required Blackpool to provide a complete accounting by August 3, 2009. *Id.*

A hearing was held on August 7, 2009 (Dkt. #31) on Defendant Gould's motion to dissolve the preliminary injunction (Dkt. #19). The Court denied the motion, concluding that the accounting was insufficient. Dkt. #32 at 2. The Court amended the preliminary injunction to set forth additional detail that Defendants must provide to Plaintiff by August 11, 2009. *Id.* at 2, 4 ¶ 6.

Plaintiff has filed a motion to amend the order of August 7, 2009. Dkt. #35. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c). The Court will grant the motion.

Defendants presented two Wells Fargo bank account statements at the August 7 hearing. Plaintiff asserts that the statements are deficient in that they do not identify the payee of checks written on the accounts, do not indicate whether the checks had a business purpose, and fail to reveal whether any checks are properly chargeable to either Plaintiff or Blackpool. Dkt. #35 at 1. Plaintiff notes similar deficiencies with respect to numerous debits and cash withdrawals listed on the statements. *Id.* at 1-2. Plaintiff requests that Defendants be required to provide the necessary accounting details on a form attached to Plaintiff's motion (Dkt. #35-1).

The Court finds Plaintiff's request to be both reasonable and necessary for a complete accounting. The Court will therefore grant Plaintiff's motion and require Defendants to fully complete the Accounting Details Form (Dkt. #35-1) and provide it to Plaintiff and file it with the Court before the close of business on September 16, 2009.

**IT IS ORDERED:**

1. Plaintiff's unopposed motion to amend Court's order of August 7, 2009 (Dkt. #35) is **granted**.
2. Defendants shall fully complete the Accounting Details Form (Dkt. #35-1) and provide it to Plaintiff and file it with the Court before the close of business on **September 16, 2009**.

1 DATED this 4th day of September, 2009.

_____
David G. Campbell
United States District Judge