**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany,<br><br>Plaintiff,<br><br>vs.<br><br>Blackpool, LLC, an Arizona limited liability company; John R. Bickley IV, a citizen of Arizona; Burton D. Gould, a citizen of Hawaii; thinkorswim, Inc., a Delaware corporation; Wells Fargo Bank, National Association; and Bank of Hawaii, National Association,<br><br>Defendants. | No. CV-09-1071-PHX-DGC<br><br>**ORDER** |

The Court entered a temporary restraining order (Dkt. #12) and a preliminary injunction (Dkt. #17) in July 2009 based in part on preliminary factual determinations that Plaintiff provided $350,000 to Defendants with the understanding that he was entering into an asset management agreement with Blackpool, LLC, that he would have the opportunity to approve any investments before they were made, and that he would receive regular accountings of his investments. On August 7, 2009, the Court entered an order denying Defendant Gould's motion to dissolve the preliminary injunction. Dkt. #32.

Gould has filed a motion for reconsideration of that order. Dkt. #39. Plaintiff has filed a response. Dkt. #47. For reasons that follow, the Court will deny the motion.

1 | Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Gould presents evidence purportedly showing that Plaintiff gave Blackpool the $350,000 not pursuant to an asset management agreement, but as an equity investment in the company as shown by Plaintiff being paid $2,500 per month as consideration for his investment. Dkt. ##39-1, 41. Gould asserts that evidence showing an equity investment previously was not available to him (Dkt. #39 at 2), but this assertion is belied by the record. In a letter to Plaintiff dated March 31, 2009, Gould stated that he understood Plaintiff had been paid interest on his monies as "part of the consideration for [his] investment" in Blackpool. Dkt. #20 at 13. In another letter to Plaintiff dated April 28, 2009, Gould noted that Plaintiff "had already been paid the $2500 interest" which "was part of the consideration for his investment." *Id.* at 8-9. In light of these letters, the evidence purportedly showing an equity investment is not "newly discovered evidence" sufficient to support Gould's motion for reconsideration.

Gould asserts that the continuance of the injunction prevents Blackpool from paying rent and other expenses and therefore will contribute to the ruination of the company. Dkt. #39 at 5. Gould has not shown that any harm he or Blackpool will suffer as a result of the injunction outweighs the likely irreparable harm Plaintiff will suffer absent injunctive relief. *See* Dkt. ##12 at 2, 17 at 2.

1    **IT IS ORDERED** that Defendant Burton Gould's motion for reconsideration
2  (Dkt. #39) is **denied**.
3     DATED this 15th day of October, 2009.

_____
David G. Campbell
United States District Judge