1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, ) | No. CV-09-1071-PHX-DGC (MEA) |
| Plaintiff/Counterdefendant, ) | **ORDER** |
| vs. ) | |
| Blackpool, LLC; John R. Bickley IV; ) and Burton D. Gould, ) | |
| Defendants/Counterclaimants. ) | |
| Burton D. Gould, ) | |
| Counterclaimant, ) | |
| vs. ) | |
| John P. Dunbar, ) | |
| Counterdefendant. ) | |

The parties have filed a host of motions over the past two months. This order addresses most of the motions and certain case management issues.

**I.     Gould's Motion to Continue Case.**

Burton Gould has filed a motion seeking a six-month continuance of the case due to his recent heart surgery. Dkt. ##89, 92. No response has been filed. The Court will grant the motion in part. The case is stayed through May 31, 2010 with respect to claims asserted

by and against Gould. The case will remain active as to all other claims and parties, and all applicable deadlines shall remain effective.

Gould shall promptly notify the Court and the other parties if his health improves such that he is able to proceed with the case. The Court will require Gould to file a report regarding the status of his health every 30 days beginning on February 1, 2010.

Dr. Guenter Stetter's motion to dismiss Gould's counterclaim (Dkt. #93) will be denied without prejudice to refiling after the stay is lifted.

**II.     Stetter's Motion for an Order to Show Cause and Other Relief.**

On October 21, 2009, the Court issued an order expanding the amended preliminary injunction (Dkt. #32) to include a requirement that John Bickley IV produce, by November 6, 2009, a detailed accounting of the $180,000 in disbursements discussed at the case management conference (Dkt. #69). Dkt. #70. Because Kelly Olson is a person in active concert or participation with Bickley, the Court ordered Olson to cooperate with Bickley in compiling the information necessary for the accounting. *Id.*

Stetter has filed a motion for an order requiring Bickley and Olson to show cause why they should not be held in contempt for failing to comply with the October 21, 2009 order. Dkt. #83. The motion also seeks orders compelling Bickley's compliance with his initial disclosure obligations and imposing terminating sanctions against Bickley. *Id.* No response has been filed.

The Court will grant the motion to the extent it seeks an order to show cause hearing. A hearing will be held on **January 21, 2010, at 1:00 p.m.** Bickley and Olson shall appear at the hearing and show cause why they should not be held in contempt for failing to comply with the Court's order of October 21, 2009 (Dkt. #70). Bickley also shall be prepared to address Stetter's request for terminating sanctions and Bickley's compliance, or lack thereof, with his disclosure obligations. Bickley shall provide Olson with a copy of this order.

**III.    Stetter's Motion to Extend Time to Amend Pleadings.**

The case management order established a December 21, 2009 deadline for joining parties and amending pleadings. Dkt. #72 at 1, ¶ 2. Stetter has filed a motion seeking a

60-day extension of that deadline on the ground that he is unable to determine the existence and viability of claims against potential third parties due to Bickley's non-compliance with the rules and orders. Dkt. #97.

The Court will deny the motion without prejudice. Rule 16 of the Federal Rules of Civil Procedure requires district judges to enter case management schedules and provides that such schedules "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Because Stetter does not presently seek to join additional parties or amend the pleadings, the Court cannot determine whether good cause exists to extend the case management schedule. The Court will address this issue if and when Stetter seeks to amend his claims.

**IV.    Wells Fargo Bank's Motion to Modify Orders.**

Stetter named Wells Fargo Bank as a defendant in the original complaint. Dkt. #1. Wells Fargo, through counsel, filed an answer to the complaint. Dkt. #5. The Court subsequently granted Stetter's request for injunctive relief (Dkt. #7) and issued orders restraining Wells Fargo from transferring funds held in Blackpool, LLC accounts (Dkt. #12 at 3, ¶ 3; Dkt. #17 at 4, ¶ 3). Wells Fargo has filed a motion requesting that the Court modify those orders to allow Wells Fargo to deduct its attorneys' fees and costs from the Blackpool accounts pursuant to the parties' account agreements. Dkt. #73. Stetter opposes the motion. Dkt. #95.

The Wells Fargo account agreement entitles it to deduct from an account the attorneys' fees and expenses Wells Fargo incurs as a result of an adverse claim being made against the account. Dkt. #73-1 at 10. Stetter has made a claim against Blackpool's accounts with Wells Fargo. Dkt. ##1, 74. Wells Fargo asserts that the attorneys' fees it incurred as result of Stetter's claim is greater than the $6,000 in the Blackpool accounts (Dkt. #73 at 2-3), but presents no evidence in support of this assertion. The Court will require Wells Fargo, by January 15, 2010, to present evidence establishing the specific balance of the

1  Blackpool accounts and the amount of attorneys' fees and costs incurred by Wells Fargo in
2  this action.

3  **V.     Defendant Blackpool.**

4       Stetter stated in the joint case management report that he intended to seek default of
5  Blackpool for failure to answer the complaint. Dkt. #66 at 3, ¶ 5. The case management
6  order directed Stetter to seek default by October 30, 2009. Dkt. #72 at 5, ¶ 9. Stetter failed
7  to comply with that requirement. Stetter shall have until January 15, 2010 to seek default of
8  Blackpool. The failure to meet this deadline will result in Blackpool's dismissal.

9  **VI.    Settlement Efforts.**

10      Following the case management conference held on October 20, 2009, the Court
11 referred this matter to Magistrate Judge Mark Aspey for purposes of conducting a settlement
12 conference and directed the parties to contact Judge Aspey's chambers to schedule a hearing.
13 Dkt. #69. The case management order requires the parties and their counsel to engage in
14 good faith settlement talks, with the assistance of a magistrate judge, by January 29, 2010.
15 Dkt. #72 at 4, ¶ 8. The parties shall, by January 15, 2010, file a joint report describing the
16 efforts made to comply with the Court's order regarding settlement discussions.

17     **IT IS ORDERED:**

18  1.  Burton Gould's motion to continue case (Dkt. #89) is **granted in part** and
19      **denied in part**. The case is stayed until **May 31, 2010** with respect to all
20      claims asserted by or against Gould. The case remains active as to all other
21      claims and parties.
22  2.  Gould shall file a report regarding the status of his health **every 30 days**
23      **beginning on February 1, 2010**. Gould shall promptly notify the Court and
24      the other parties if his health improves such that he is able to proceed with the
25      case.
26  3.  Dr. Guenter Stetter's motion to dismiss Gould's counterclaims (Dkt. #93) is
27      **denied** without prejudice to refiling after the partial stay is lifted.
28  4.  Stetter's motion for order to show cause and other relief (Dkt. #83) is **granted**

|   |   |   |
|---|---|---|
| | | **in part**. An order to show cause hearing is set for **January 21, 2010, at 1:00 p.m.** John Bickley IV and Kelly Olson shall appear at the hearing and show cause why they should not be held in contempt for failing to comply the Court's order of October 21, 2009 (Dkt. #70). Bickley shall provide Olson with a copy of this order. |
| | 5. | Stetter's motion to extend time to file an amended complaint (Dkt. #97) is **denied** without prejudice. |
| | 6. | Wells Fargo Bank's motion to modify orders (Dkt. #73) is taken under advisement. Wells Fargo shall, by **January 15, 2010**, submit evidence establishing the specific balance of the Blackpool accounts and the amount of attorneys' fees and costs incurred by Wells Fargo in this action. |
| | 7. | Stetter's motion for relief from late filing (Dkt. #96) is **granted**. |
| | 8. | Stetter shall seek default of Blackpool by **January 15, 2010**. Blackpool will be dismissed from this action if Stetter fails to comply with this order. |
| | 9. | The parties shall file a joint report regarding settlement efforts by **January 15, 2010**. |

DATED this 7th day of January, 2010.

_David G. Campbell_
United States District Judge