**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, | No. CV-09-1071-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blackpool, LLC; John R. Bickley IV; and Burton D. Gould, | |
| Defendants/Counterclaimants. | |
| Burton D. Gould, | |
| Counterclaimant, | |
| vs. | |
| John P. Dunbar, | |
| Counterdefendant. | |

Defendant John Bickley has filed a motion to dismiss Plaintiff Guenter Stetter's claims pursuant to Rule 37 of the Federal Rules of Civil Procedure. Dkt. #113. Stetter has filed a response. Dkt. #122. No party has requested oral argument. For reasons that follow, the Court will deny the motion.

Bickley asserts that counsel for Stetter, John Dunbar, has misrepresented to the Court the joint defense/common interest doctrine. Dkt. #113 at 3, 6. Rule 37 authorizes dismissal as a sanction for failure to comply with disclosure and discovery obligations. *See Valley*

*Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). Bickley has not shown that dismissal under Rule 37 is appropriate for the alleged misrepresentation of the joint defense/common interest doctrine.

Bickley asserts that Dunbar has used intimidation and harassment to force ex parte communications with Kelly Olson (Dkt. #113 at 3), but presents no evidence in support of this assertion. Dunbar has submitted a declaration stating that his communications with Mr. Olson were at all times professional, that he has never attempted to intimidate or harass Mr. Olson, and that he has never made any false or misleading statements to Mr. Olson. Dkt. #122-1. The Court will not dismiss Stetter's claims on the basis of his counsel's communications with Mr. Olson.

Bickley claims that Stetter has produced only 11 documents and a computer disc and therefore has failed to comply with disclosure obligations. Dkt. #113 at 3, 6. Stetter states that he has satisfied his disclosure obligations under Rule 26. Dkt. #122 at 2. He also notes that Bickley has not described what, if any, efforts he has made to examine the contents of the disc. *Id.* Bickley does not discuss the contents of the disc.

This Circuit has identified five factors a district court must consider before imposing the sanction of dismissal under Rule 37: (1) the public's interest in expeditious resolution of the litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking dismissal, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Valley Eng'rs,* 158 F.3d at 1057; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). Bickley's motion does not address these factors. The Court cannot, on the present record, conclude that the sanction of dismissal is appropriate under Rule 37.

**IT IS ORDERED** that John Bickley's motion to dismiss (Dkt. #113) is **denied**.

DATED this 16th day of March, 2010.

David G. Campbell
United States District Judge