**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, | No. CV-09-1071-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blackpool, LLC; John R. Bickley IV; and Burton D. Gould, | |
| Defendants/Counterclaimants. | |
| Burton D. Gould; and John R. Bickley IV, | |
| Counterclaimants, | |
| vs. | |
| John P. Dunbar, | |
| Counterdefendant. | |

Guenter Stetter and John Dunbar have filed a motion to dismiss a counterclaim asserted by John Bickley pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #94. The motion is fully briefed. Dkt. ##138, 141. No party has requested oral argument. For reasons that follow, the Court will grant the motion.

**I.    Rule 12(b)(6) Standard.**

To survive dismissal under Rule 12(b)(6), the pleading must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

**II.     The Motion to Dismiss.**

Bickley's pro se counterclaim contains two undefined counts. Dkt. #87. Construed liberally, the pleading purports to assert claims for tortious interference with business relationships, breach of oral contract, defamation, slander, and libel. *Id.* ¶¶ 3-21. Stetter and Dunbar argue that the counterclaim is conclusory and fails to provide sufficient factual allegations to state a plausible claim to relief. Dkt. #94 at 4-6. The Court agrees.

**A.     Defamation, Slander, and Libel.**

Count one alleges that Stetter and/or his agents contacted Wells Fargo Bank, Wells Fargo Trading Company, and Thinkorswim Trading Company and "defamed" Bickley (Dkt. #87 ¶ 6), and that Stetter's actions were "defamatory, slanderous, and libelous" (*id.* ¶ 8). Count two alleges that Stetter "knew or should have known his statements concerning Bickley were false [and] made without reason or any reasonable grounds for belief in their truth." *Id.* ¶ 21. Nowhere in the counterclaim, however, does Bickley identify Setter's alleged defamatory and otherwise wrongful statements. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice " to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949.

The counterclaim does allege that Dunbar published the lie that Bickley was a "bad man." Dkt. #87 ¶ 10. Dunbar argues, correctly (Dkt. #94 at 5-6), that calling someone a "bad man" is not an actionable statement of fact that can be proven true or false, but a non-actionable expression of a subjective opinion. *See Serian v. Penguin Group (USA), Inc.*, No. 1:08cv74, 2009 WL 2225412, at *9 (N.D. W. Va. July 23, 2009) (statement that the plaintiff

was a "bad businessman" was a subjective opinion not actionable as defamation); *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, No. CV-F-07-0349-LJO-SMS, 2008 WL 2235354, at *11 (E.D. Cal. May 29, 2008) (the statement that a person is "bad" is not defamatory "as it is a statement of opinion that is not provable false"). Bickley's claims for defamation, slander, and libel must be dismissed.

### B. Breach of Oral Contract.

Count one of the counterclaim alleges that Stetter made statements that Bickley reasonably relied upon and those "statements, expression[s] and covenants in an oral contract detrimentally affected Bickley." Dkt. #87 ¶ 16. Bickley's vague reference to an oral contract does not give Stetter "fair notice of what [Bickley's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). The claim for breach of oral contract is therefore insufficient to satisfy the pleading requirements of Rule 8.

### C. Tortious Interference with Business Relationships.

The elements of a claim for tortious interference with a business relationship are (1) the existence of a valid business relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional and improper interference causing a disruption of the relationship, and (4) resulting damage to the party whose relationship has been disrupted. *See Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bur. of Maricopa County, Inc.*, 637 P.2d 733, 740 (Ariz. 1981); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1043 (Ariz. 1985).

Count one alleges that Stetter's defamatory statements "resulted in the loss of Bickley's relationship with Stetter, Wells Fargo Bank, Thinkorswim Trading, Bank of Hawaii and [an] uncertain number of other business and personal relationships." Dkt. #87 ¶ 11. But the counterclaim does not allege facts sufficient to establish the existence of valid business relationships with Stetter or the banks and the other entities identified by Bickley. Moreover, as explained above, the counterclaim does not adequately plead defamation on the part of Stetter.

Count one contains additional allegations in support of the tortious interference claim:

1 that on March 16, 2009, Stetter had "investor's remorse" and wrote Bickley a letter asking
2 for all his money back despite the fact that Bickley and Burton Gould had made several
3 $2,500 payments on behalf of Blackpool LLC (*id.* ¶ 12); that Stetter caused certain stocks
4 to be bought and sold in early March 2009 and, "[w]ithout Stetter's interference, Blackpool
5 LLC would have paid off Stetter's $350,000 loan from the First Hawaiian Bank and
6 perpetually paid Stetter a portion of all net profits" (*id.* ¶ 15); and that Stetter "never intended
7 to invest this money in Blackpool LLC so that he could profit and in any way help Bickley,"
8 but instead "invested with Blackpool LLC to 'scare' his friend, J. Dunbar, into putting
9 Stetter's name on the deed to the property in which Stetter had already invested $400,000"
10 (*id.* ¶ 19). These allegations, even when construed liberally in Bickley's favor, are
11 insufficient to establish a tortious interference claim. They do not identify with any
12 specificity the existence of valid business relationships or explain why the "interference" on
13 the part of Stetter was improper. To the extent the counterclaim alleges a business
14 relationship between Stetter and Bickley (*see id.* ¶ 4), Stetter, as a matter of law, cannot
15 tortiously interfere with his own relationship. Courts have "expressly recognize[d] that the
16 interference must be perpetrated against a third party." *Campbell v. Westdahl*, 715 P.2d 288,
17 294-95 (Ariz. Ct. App. 1985) (citation omitted).

18 In summary, the counterclaim does not plead facts sufficient to state a plausible claim
19 for tortious interference with business relationships.

20 **III. Leave to Amend.**

21 Bickley seeks leave to file an amended counterclaim that would be more detailed than
22 the present one. Dkt. #138 at 2. He states that, if permitted, he would add several new
23 claims and defenses. *Id.* His principal argument is that leave to amend should be freely
24 given. *Id.* at 3.

25 Although Rule 15 embodies a liberal amendment policy, *see* Fed. R. Civ. P. 15(a)(2),
26 that is not the standard to be applied in this case. The Court has issued an order establishing
27 case management deadlines. Dkt. #72. Rule 16 provides that deadlines established in a case
28 management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see*

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

In this case, the Court's Case Management Order established a deadline for amending pleadings:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings.</u> The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

Dkt. #72 at 1 (emphasis in original). The order was entered on October 21, 2009, creating an amendment deadline of December 20, 2009.

Bickley requests leave to amend more than three months after the amendment deadline (Dkt. #72) and nearly one year after the case was filed (Dkt. #1). The proposed amendments are not minor. Bickley seeks leave to not only revise the present claims, but to add claims for declaratory relief, non-performance and breach of contract, fraudulent misrepresentation, wrongful search and seizure, trespass to personal property, abuse of process, and intentional and negligent infliction of emotional distress. Dkt. #138 at 3. Bickley does not assert good cause for his failure to timely seek leave to amend, but states only that the proposed new claims "were previously overlooked." Dkt. #138 at 2.

The discovery period has closed. Dkt. #72 ¶ 4. The dispositive motion deadline has passed. *Id.* ¶ 7(a). A final pretrial conference has been scheduled. Dkt. #146. The Court will not permit the filing of amended pleadings at this late stage of the litigation.

**IT IS ORDERED:**

1. Guenter Stetter and John Dunbar's motion to dismiss the counterclaim of John Bickley (Dkt. #94) is **granted**.

2. John Bickley's request for leave to file an amended counterclaim (Dkt. #138) is **denied**.

DATED this 15th day of April, 2010.

_____
David G. Campbell
United States District Judge