**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dr. Guenter Stetter, ) <br> ) <br>       Plaintiff/Counterdefendant, ) <br> ) <br> ) <br> vs. ) <br> ) <br> Blackpool, LLC; John R. Bickley IV; ) <br> and Burton D. Gould, ) <br> ) <br> ) <br>       Defendants/Counterclaimants. ) <br> _____ ) <br> ) <br> Burton D. Gould; and John R. Bickley ) <br> IV, ) <br> ) <br>       Counterclaimants, ) <br> ) <br> vs. ) <br> ) <br> John P. Dunbar, ) <br> ) <br>       Counterdefendant. ) <br> _____ ) | No. CV-09-1071-PHX-DGC <br><br> **ORDER** |

       The Court issued a case management order on October 21, 2009. Doc. 72. One month later, Burton Gould filed a motion seeking a six-month continuance of the case due to his recent heart surgery. Doc. 89. In an order dated January 7, 2010, the Court granted the motion and stayed the case through May 31, 2010 with respect to claims asserted by and against Gould. Doc. 101.

       On June 4, 2010, four days after the stay expired, Gould filed a motion for leave to file an amended counterclaim against Dr. Guenter Stetter. Doc. 156. The motion is fully

briefed. Docs. 157, 158, 162, 164, 165. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and modify certain case management deadlines.

Gould seeks leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. Doc. 156 at 1. Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).

Stetter opposes the motion on the grounds that the proposed amended counterclaim (Doc. 159) asserts an unspecified tort claim, that any claim for intentional infliction of emotional distress would be barred by the litigation privilege, and that no actionable claim for defamation is stated. Doc. 162. Gould counters that he is not making a defamation claim, but instead is asserting a claim for negligent or intentional infliction of emotional distress due to abuse of the legal process. Doc. 164 at 4-6.

Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will grant Gould leave to file an amended counterclaim. Because the proposed amended pleading (Doc. 159) can be made clearer as to the specific claims asserted against Stetter, the Court will require Gould to file a new amended counterclaim.

For purposes of that pleading, Gould is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete numbered paragraphs. Each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Gould must set forth each discrete legal claim for relief in a separate count (i.e., count one, count two, etc.).

The amended counterclaim must give Stetter fair notice of Gould's claim and must plead "enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Gould shall file his amended counterclaim by **August 6, 2010**. Gould is advised that the Court will not grant leave to file a second amended counterclaim. Because the case was stayed for six months, the Court finds good cause to modify certain deadlines provided in the case management order (Doc. 72) as set forth below.

**IT IS ORDERED:**

1.  Burton Gould's motion for leave to file an amended counterclaim (Doc. 156) is **granted**.

2.  The amended counterclaim shall be filed by **August 6, 2010**. Gould is advised that the Court will not grant leave to file a second amended complaint.

3.  The deadline for completing fact discovery is **December 17, 2010**.

4.  The deadline for making initial expert disclosures is **October 22, 2010**. Rebuttal expert disclosures, if any, shall be made by **November 19, 2010**. Expert depositions shall be completed no later than **December 17, 2010**.

5.  The deadline for filing dispositive motions is **January 14, 2011**.

6.  Guenter Stetter and Burton Gould shall engage in good faith settlement talks no later than **November 19, 2010**.

7.  **The Court will not extend the deadlines further absent truly extraordinary circumstances.**

8.     All other terms of the case management order (Doc. 72) remain in effect.

DATED this 21st day of July, 2010.

David G. Campbell

_____
David G. Campbell
United States District Judge