**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, | No. CV-09-1071-PHX-DGC |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Blackpool, LLC; John R. Bickley IV; and Burton D. Gould, | |
| Defendants/Counterclaimant. | |

Burton Gould asserts claims for abuse of process and infliction of emotional distress in his amended counterclaim. Doc. 170. Guenter Stetter has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 171. Gould has filed a response. Doc. 172. No party has requested oral argument. For reasons that follow, the Court will grant the motion.

**I.    Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "'[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II.   Count One: Abuse of Process.

Count one of the amended counterclaim alleges that "Stetter's suing Gould constituted abuse of legal process in that this suit was filed without any truth or the possibility of proving the allegations in [Stetter's] Complaint, and this suit was filed for the ulterior reason of attempting to have Gould influence Bickley and to 'punish' Gould because of Stetter's displaced anger." Doc. 170 ¶ 14. This claim must be dismissed, Stetter argues, because commencing litigation does not constitute abuse of process as a matter of law. Doc. 171 at 2-3. The Court agrees.

The elements of an abuse of process claim are (1) a willful act in the use of judicial process, (2) for an ulterior purpose not proper in the regular conduct of the proceedings. *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004). Unlike the tort of malicious prosecution, which covers the initiation of civil proceedings with malice and without probable cause, abuse of process addresses misuse of process after proceedings have been initiated. *See Joseph v. Markowitz*, 551 P.2d 571, 574 (Ariz. Ct. App. 1976).

Stetter's motive for filing the complaint, even if improper, cannot support an abuse of process claim because "abuse of process requires some act *beyond the initiation of a lawsuit*[.]" *Id.* at 575 (emphasis added). Abuse of process "'is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" *Id.* at 574 (citation omitted). Courts have "explicitly rejected the contention that the initiation of a lawsuit can constitute the necessary act" for abuse of process. *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th Cir. 1981) (citation omitted). Courts also have

1  held that an abuse of process claim will not lie where a lawsuit initiated in bad faith is
2  "continued without justification." *Morn v. City of Phoenix*, 730 P.2d 873, 876 (Ariz. Ct.
3  App. 1986). Stetter's "mere persistence in [this] litigation, even if based on an improper
4  motive, does not sustain the tort." *Crackel*, 92 P.3d at 888. The abuse of process claim
5  asserted in count one will be dismissed.

6  **III.   Count Two: Infliction of Emotional Distress.**

7  Count two asserts claims for negligent and intentional infliction of emotional distress.
8  Doc. 170 at 4. Those claims are based on the filing of this action by Stetter (*id.* ¶¶ 20-23,
9  27-28), and an alleged telephone call berating staff at the hospital where Gould underwent
10 surgery (*id.* ¶¶ 24-25).

11 Stetter argues, correctly, that the litigation privilege bars the emotional distress claims
12 to the extent they arise from conduct related to this litigation. Doc. 171 at 4. Given the
13 socially important interests in "fearless prosecution and defense of claims which leads to
14 complete exposure of pertinent information for a tribunal's disposition[,]" an absolute
15 privilege "protects judges, parties, lawyers, witnesses and jurors." *Green Acres Trust v.*
16 *London*, 688 P.2d 617, 621 (Ariz. 1983). The privilege broadly applies to alleged tortious
17 statements or acts that "relate to, bear on or [are] connected with the proceeding." *Id.*
18 The defense is absolute in that the alleged tortfeasor's "motive, purpose or reasonableness"
19 does not affect the defense. *Id.* In short, parties to litigation are granted an absolute privilege
20 from tort liability with the exception of malicious prosecution and abuse of process claims.
21 *See Green Acres*, 688 P.2d at 621. Count two will be dismissed to the extent it is premised
22 on conduct by Stetter or his counsel in connection with this lawsuit. *See Linder v. Brown &*
23 *Herrick*, 943 P.2d 758, 766 (Ariz. Ct. App. 1997) (dismissing emotional distress claim as
24 barred by the litigation privilege).

25 Gould alleges that Stetter engaged in "outrageous conduct" when, through his agent,
26 he called "the USC Medical Center and berated staff for operating on Gould" while this
27 action was pending. Doc. 170 ¶ 24. The tort of intentional infliction of emotional distress
28 requires a plaintiff to prove, among other things, that the defendant's conduct was extreme

1  and outrageous. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). Stetter argues that the alleged call to the hospital was not, as a matter of law, extreme and outrageous. Doc. 171 at 4-5.

To satisfy the "extreme and outrageous" element, a defendant's conduct must be "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz. v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citation omitted). The conduct must fall "at the very extreme edge of the spectrum of possible conduct." *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980). It is "'the duty of the court in the first instance, as society's conscience, to determine whether the acts complained of can be considered as extreme and outrageous conduct[.]'" *Helfond v. Stamper*, 716 P.2d 70, 72 (Ariz. Ct. App. 1986) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. 1969)). Although berating hospital staff for operating on a party to ongoing litigation is highly insensitive to that person's well-being and in no way to be condoned, such conduct does not "fall[] within that quite narrow range of 'extreme and outrageous' conduct necessary to establish a claim of intentional infliction of emotional distress." *Watts*, 619 P.2d at 1035.

A claim for negligent infliction of emotional distress requires the plaintiff to "witness an injury to a closely related person, suffer mental anguish manifested as physical injury, and be within the zone of danger." *Kaufman v. Langhofer*, 222 P.3d 272, 279 (Ariz. Ct. App. 2009) (citing *Pierce v. Casas Adobes Baptist Church*, 782 P.2d 1162, 1165 (Ariz. 1989)). Because Gould's alleged injuries do not "aris[e] from witnessing another person's injury or death," *State Farm Auto. Ins. Co. v. Connolly*, 132 P.3d 1197, 1200 (Ariz. Ct. App. 2006), his claim for negligent infliction of emotional distress is deficient.

Count two fails to state a plausible emotional distress claim.

**IV.    Leave to Amend.**

The Court recognizes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Gould, however, already has been granted leave to file

- 4 -

1 an amended counterclaim. Docs. 156, 169. Before filing that pleading, Gould was advised
2 of Rule 8's pleading requirements as interpreted by the Supreme Court in *Twombly* and
3 *Iqbal*. Doc. 169 at 2-3. He was explicitly warned that the Court will not grant leave to file
4 a second amended counterclaim. *Id.* at 3. Gould has not shown, and it does not otherwise
5 appear to the Court, that the amended counterclaim's deficiencies can be cured through
6 additional amendment. The Court will therefore deny leave to amend. *See Foman v. Davis*,
7 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG*
8 *Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where
9 the complaint could not be saved by any amendment).

## V.    Case Management Issues.

In his amended complaint, Stetter asserts various claims against Gould, John Bickley, and Blackpool, LLC. Doc. 74. With respect to the claims asserted against Gould, the schedule set forth in the order dated July 21, 2010 (Doc. 169) remains in effect.

Stetter has filed a status report stating that John Bickley's bankruptcy action has been dismissed and the claims asserted against him will therefore proceed in this Court. Doc. 173. The Court agrees that the claims asserted against Gould and Bickley should be tried together. *See id.* The Court will issue a separate order setting a final pretrial conference once any dispositive motions on the claims asserted against Gould have been resolved. *See* Doc. 169 at 3, ¶ 5. The deadlines for conducting discovery and filing dispositive motions on the claims asserted against Bickley have expired and will not be extended. *See* Doc. 72.

Pursuant to Rule 55(a), Blackpool's default was entered nearly ten months ago. Doc. 108. Stetter has not sought default judgment under Rule 55(b). Stetter shall have until November 5, 2010 to seek default judgment against Blackpool. The Court will dismiss the claims asserted against Blackpool if Stetter fails to comply with this order.

**IT IS ORDERED:**

1. Guenter Stetter's motion to dismiss the amended counterclaim filed by Burton Gould (Doc. 171) is **granted**.

2. The claims asserted against John Bickley are governed by the case

- 5 -

        management order dated October 21, 2009 (Doc. 72), and the claims asserted against Gould are governed by the schedule set forth in the order dated July 21, 2010 (Doc. 169).

3. The claims asserted against Gould and Bickley will be tried together. A separate order setting a final pretrial conference will issue once any dispostive motions on the claims asserted against Gould have been resolved.

4. Stetter shall have until **November 5, 2010** to seek default judgment against Blackpool, LLC. The Court will dismiss the claims asserted against Blackpool if Stetter fails to comply with this order.

DATED this 19th day of October, 2010.

*David G. Campbell*
———————————————————
David G. Campbell
United States District Judge