**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Dr. Guenter Stetter, | No. CV-09-1071-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. |  |
| Blackpool, LLC; John R. Bickley IV; and Burton D. Gould, |  |
| Defendants. |  |

In February 2009, Dr. Guenter Stetter entered into an asset management agreement with Blackpool, LLC, and gave Blackpool $350,000 to invest on his behalf. He claims that the money has been misspent by Blackpool and its managers, John Bickley and Burton Gould. Setter filed an amended complaint against Blackpool and its managers on October 30, 2009, seeking damages in the amount of $350,000 and asserting claims for injunctive relief, breach of contract, breach of fiduciary duty, conversion, and fraud. Doc. 74. Blackpool failed to answer as required by the Federal Rules of Civil Procedure. Blackpool's default has been entered pursuant to Rule 55(a). Doc. 108.

Stetter has filed a motion for default judgment and order for turnover. Doc. 175. No response has been filed, and the time for filing one has now passed. LRCiv 7.2(c). No party has requested oral argument. For reasons that follow, the motion will be granted with respect to the request for default judgment against Blackpool and denied as to the request for a turnover order.

1       Because Blackpool's default has been entered under Rule 55(a), the Court has 2 discretion to grant default judgment against Blackpool pursuant to Rule 55(b).  *See Aldabe* 3 *v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th 4 Cir. 1986).  Factors the Court should consider in deciding whether to grant default judgment 5 include the possibility of prejudice to Stetter, the merits of his claims,  the sufficiency of the 6 complaint, the amount of money at stake, the possibility of a dispute concerning material 7 facts, whether default was due to excusable neglect on the part of Blackpool, and the policy 8 favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 9 1986).

10       Having reviewed the well-pled factual allegations of the amended complaint (Doc. 74) 11 and the declaration provided in support of default judgment (Doc. 175-1), and having 12 considered each *Eitel* factor in light of the record as whole, the Court finds the entry of 13 default judgment against Blackpool in the amount of $350,000 to be appropriate.

14       Stetter asserts that Bickley and Gould "should be ordered to turnover any tangible 15 assets subject to the Preliminary Injunction that [he] elects to accept." Doc. 175-1 at 2.  The 16 Amended Preliminary Injunction requires Bickley and Gould to "conserve and freeze" assets 17 or proceeds from the funds provided by Stetter.  Doc. 32 at 4.  Although default judgment 18 against Blackpool is appropriate, the claims asserted against Bickley and Gould are still 19 being litigated.  *See* Docs. 72, 169, 174.  Stetter is free to execute on the default judgment 20 to be entered against Blackpool, but he presents no argument or legal authority showing that 21 Bickley and Gould should be ordered to turnover assets.

22     **IT IS ORDERED:**

23     1.    Plaintiff Guenter Stetter's motion for entry of default judgment (Doc. 175) is **granted**.  Default judgment is entered in favor of Plaintiff and against Defendant Blackpool, LLC in the amount of **$350,000.00**, plus interest at the applicable legal rate until the judgement is satisfied.

2. Plaintiff Guenter Stetter's request for an order for turnover is **denied**.

DATED this 9th day of December, 2010.

*David G. Campbell*
_____
David G. Campbell
United States District Judge

- 3 -