**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, a citizen of the foreign state of Germany,<br><br>Plaintiff,<br><br>vs.<br><br>John R. Bickley, IV, et al.,<br><br>Defendants. | No. CV09-1071-PHX-DGC<br><br>**ORDER OF DEFAULT AGAINST DEFENDANT BICKLEY** |

For reasons stated below, the Court will enter default against Defendant John R. Bickley, IV for his repeated failures to cooperate in the prosecution of this litigation. The Court will afford Plaintiff an opportunity to submit a proposed form of judgment and evidence in support of the judgment.

On May 16, 2011, the Court entered an order setting a final pretrial conference on July 29, 2011. Doc. 199. This was the second time the Court had scheduled such a conference in this case. Doc. 146. The previous final pretrial conference was postponed in light of Defendant Bickley's bankruptcy and Defendant Gould's health issues. *See* Docs. 153, 154.

The May 16 order required the parties jointly to prepare and file a proposed final pretrial order, as well as other items related to the completion of trial in this case. The order stated that "[f]ull and complete compliance with this Order shall be required by the

court." Doc. 199, ¶ 13. Defendant Bickley refused to follow the order. Despite communications from Plaintiff's counsel, Mr. Bickley refused to cooperate in the preparation of a proposed final pretrial order. *See* Doc. 200.

On July 21, 2011, the Court entered an order allowing Defendant Burton Gould to participate in the final pretrial conference by telephone due to his continuing medical issues. Doc. 202. The order specifically stated, however, that "all remaining Defendants in this matter shall appear in person at the hearing." *Id*. This was not the first time Defendant Bickley had been cautioned that strict compliance with the orders related to the final pretrial conference would be required. On May 2, 2011, the Court entered an order resolving various issues and stating that a final pretrial conference would be scheduled by separate order and that "[t]he parties shall be required to comply *strictly* with every requirement of the order." Doc. 198 at 2 (emphasis in original).

Despite these repeated warnings that full compliance with the Court's final pretrial conference order would be required, Defendant Bickley declined to participate or cooperate in any effort to prepare for the final pretrial conference. Defendant Bickley called the Court's chambers on the afternoon of July 29, 2011, to state that he would not appear at the final pretrial conference that day. The Court's Judicial Assistant warned him that his deliberate failure to appear could result in default being entered against him. Defendant Bickley nonetheless failed to appear at the final pretrial conference. He did, however, call the Court's chambers later that evening to confirm that the final pretrial conference had in fact occurred.

During the final pretrial conference, Plaintiff's counsel explained that he had several conversations with Defendant Bickley concerning his intention not to appear or participate in the final pretrial conference. Plaintiff's counsel also warned Defendant Bickley that such conduct could result in a default against him, but these warnings, like the Court's, went unheeded.

Recently, orders mailed by the Court to Defendant Bickley have been returned unopened. *See* Doc. 203. As a result, the Court's Judicial Assistant asked Defendant

Bickley during the July 29, 2011 phone call to provide an updated mailing address. Defendant Bickley refused to do so.

These are not the first problems that have arisen with respect to Defendant Bickley's participation in this litigation. Early in the case, the Court had to warn Defendant Bickley repeatedly about possible contempt sanctions before he would produce information specifically called for in the Court's orders. Later, Defendant Bickley declared bankruptcy after the first final pretrial conference was scheduled. His bankruptcy action apparently was dismissed on motion of the bankruptcy trustee after Bickley failed to appear and be examined at the meeting of creditors. Doc. 173.

To summarize, Defendant Bickley was uncooperative with the Court from the start, requiring the Court to make contempt threats before he would produce required documents. Defendant Bickley did not participate actively in the discovery process in this case, and declared bankruptcy after the Court scheduled the first final pretrial conference. The bankruptcy action was dismissed when Defendant Bickley failed to comply with court orders. When this Court set the second final pretrial conference, it specifically required Bickley to cooperate in preparation of a proposed final pretrial order and to submit other documents such as proposed jury instructions and voir dire. The Court warned Bickley that strict compliance would be required. Bickley failed to cooperate despite attempts by Plaintiff's counsel to obtain his cooperation. Bickley also failed to appear at the final pretrial conference despite being well aware of it, as evidenced by his calls to the Court's chambers that day. Bickley even refused to provide the Court's judicial assistant with an updated mailing address.

Sanctions of dismissal and default for willful and inexcusable failure to prosecute litigation "are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996). The Ninth Circuit has identified several factors to be considered before terminating sanctions may be entered: (1) the public's interest in expeditious resolution of the litigation, (2) the court's need to manage its docket, (3) the risk of

prejudice to the opposing party, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Rio Props., Inc. v. Rio Int.'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

In this case, the first two factors favor entry of default against Defendant Bickley. His refusal to participate in preparing for trial has made expeditious resolution of this case impossible, and the Court's need to manage its docket dictates that the case proceed notwithstanding his obstructionist tactics. The third factor also favors default. Bickley's refusal to assist in preparing for trial presents a risk of prejudice to Plaintiff, who has a clear interest in concluding this case on the merits. The fourth factor – the public policy favoring disposition of cases on the merits – weighs against the entry of default, but cannot be satisfied when Defendant Bickley refuses to prepare this case for trial. The Court has considered the fifth factor – less drastic sanctions – but none is apparent. Defendant Bickley has refused to comply with the Court's orders, refused to respond to the Court's staff's urging that he participate in hearings, refused to appear at a final pretrial conference despite the Court and Plaintiff's counsel's warning that default could result, and refused to provide a mailing address where the Court can contact him. The Court concludes that no alternative measures would produce the compliance needed to conclude this case on the merits and, therefore, that entry of default against Defendant Bickley is the least drastic sanction that will accomplish the goals of Rules 1, 16, and 37 of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

1. As a sanction for his failure to assist in preparing this case for trial, default is entered against Defendant Bickley.

2. Plaintiff may, within **20 days** of the date of this order, provide the Court with a proposed form of judgment and any evidence in support of the proposed judgment.

Dated this 1st day of August, 2011.

_____
David G. Campbell
United States District Judge