**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter,<br><br>Plaintiff,<br><br>vs.<br><br>Blackpool, LLC; John R. Bickley IV; and Burton D. Gould,<br><br>Defendants. | No. CV-09-1071-PHX-DGC<br><br>**ORDER** |

In February 2009, Dr. Guenter Stetter entered into an asset management agreement with Blackpool, LLC, and gave Blackpool $350,000 to invest on his behalf. He claims that the money has been misspent by Blackpool and its managers, John Bickley and Burton Gould. Setter filed an amended complaint against Blackpool and its managers on October 30, 2009, seeking damages in the amount of $350,000 and asserting claims for injunctive relief, breach of contract, breach of fiduciary duty, fraud, and conversion. Doc. 74. Default judgment has been entered against Blackpool (Doc. 176), and default has been entered against Bickley (Doc. 205).

Stetter has filed a motion for summary judgment. Doc. 211. Gould opposes the motion. Doc. 214. Oral argument has not been requested. For reasons that follow, the motion will be denied.

Stetter's motion does not comply with the Court's Local Rules of Civil Procedure. In violation Local Rule 56.1(a), no separate statement of facts accompanies the

memorandum of law (Doc. 211). Stetter filed a statement of facts more than five months ago (Doc. 188), but that document was submitted in support of a different summary judgment motion (Doc. 177). The Court "declines to search through the previously-filed statement of facts to find relevant citations to the record given [Stetter's] failure in both of [his] memoranda to 'include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda,' as mandated by [Local Rule] 56.1(e)." *Karlsson Group, Inc. v. Langley Farm Invs., LLC*, No. CV-07-0457-PHX-PGR, 2008 WL 4183025, at *7 n.17 (D. Ariz. Sept. 8, 2008). More importantly, while Stetter submitted an exhibit list (Doc. 193) in connection with his original summary judgment motion and statement of facts, the exhibits themselves have not been made part of the record.

As the party seeking summary judgment, Stetter bears the burden of not only informing the Court of the basis for his motion, but also "identifying those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1) (a party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record"). Stetter has presented no evidence "affirmatively demonstrate[ing] that no reasonable trier of fact could find other than for [him]." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In short, Stetter "has not met his summary judgment burden either in form or substance." *Imamoto v. Soc. Sec. Admin.*, No. 08-00137 JMS/KSC, 2008 WL 4657811, at *8 (D. Haw. Oct. 21, 2008); *see James v. Scribner*, No. 1:04-CV-05878-LJO-DLB P, 2008 WL 686402, at *1 (E.D. Cal. Mar. 13, 2008) (a plaintiff moving for summary judgment bears the burden of "setting forth evidence establishing beyond controversy the elements of his claims").

This Circuit has made clear that a district court "need not examine the entire file for evidence establishing [the absence of] a genuine issue of fact, where the evidence is

not set forth in the [moving] papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (the district court has no responsibility on summary judgment to "scour the record in search of a genuine issue of triable fact"). "As the Seventh Circuit observed in its now familiar maxim, 'judges are not like pigs, hunting for truffles buried in briefs.'" *Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Stetter's failure to file a properly supported summary judgment motion is not excusable. His original motion was summarily denied because he failed to serve it on Defendants and filed the statement of facts approximately six weeks after the motion and the Court's deadline for filing dispositive motions. *See* Docs. 179, 198. The Court permitted Stetter to file a second motion for summary judgment, but explicitly warned him that the motion "shall comply fully with Local Rule of Civil Procedure 56.1." Doc. 206 at 1. Stetter has refused to follow that admonition. His summary judgment motion will be denied.

**IT IS ORDERED:**

1. Plaintiff Guenter Stetter's motion for summary judgment (Doc. 211) is **denied**.

2. Plaintiff and Defendant Burton Gould's joint final pretrial order is due by **October 14, 2011**. The bench trial in this matter will begin on **October 27, 2011 at 9:00 a.m.** *See* Doc. 206.

Dated this 14th day of September, 2011.

_____
David G. Campbell
United States District Judge

- 3 -