**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Guenter Stetter, | No. CV-09-1071-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| Blackpool, LLC; John R. Bickley IV; and Burton D. Gould, | |
| Defendants. | |

On February 19, 2009, Dr. Guenter Stetter entered into an asset management agreement with Blackpool, LLC, and sent $350,000 to be invested on his behalf. At the same time, Stetter entered into a further agreement to use up to $30,000 for the purchase and resale of automobiles.

The agreements had been drafted on behalf of Blackpool by defendant John R. Bickley IV. On February 13, 2009, on the eve of Stetter's investment, Bickley emailed Stetter, imploring him to sign the agreements and return them with the money, reassuring Stetter that, as the agreements stated, he could always get his money back. Stetter and Blackpool had preliminarily discussed utilizing $180,000 to purchase distressed real estate, $140,000 to purchase stocks, and $30,000 for automobiles. While Blackpool never signed and returned the agreements, it used the writings to induce Stetter to invest and purported to perform pursuant to them.

Stetter quickly lost confidence in Blackpool and terminated the agreements. Stetter

directed Blackpool to cease investment activities on March 11, 2009, and to terminate the contracts on March 16, 2009. The termination directive was formally reiterated, in writing, on March 19, 2009.

Bickley failed and refused to cause Blackpool to return any of Stetter's funds. Indeed, after ignoring Stetter for several weeks, Bickley began dissipating Stetter's funds, purportedly to purchase automobiles and fund a retail used car operation. In direct contravention of the asset management agreement and Bickley's own fiduciary duty as a managing member of Blackpool, Bickley withdrew or spent virtually all of the funds held by Blackpool for Stetter, converting them to his own personal purposes.

In early March, even before Stetter terminated the asset management agreement, Bickley secretly created a new company, Savers Park & Sell, LLC, and used $10,870 of Stetter's funds to make Saver's initial payments on a three year lease of real property. Bickley fraudulently misrepresented and concealed this fact from Stetter, telling him that the funds had been withdrawn to purchase automobiles.

Immediately after termination of the agreement, Bickley represented to Stetter that his funds were intact and that Bickley could be trusted to use them purchase real estate, trade stocks and, to the limit of $30,000, invest in automobiles. In fact, Bickley has claimed in verified accountings filed with this Court that he was then using Stetter's money to fund initial payments on multiple employment agreements and to purchase a half interest in an auto repair shop. Bickley's conduct in the first several weeks that he had control of Stetter's funds thus circumstantially demonstrates that the promises he caused Blackpool to make with regard to asset management were false at the time they were made.

Setter filed an amended complaint against Blackpool and its managers on October 30, 2009, seeking damages in the amount of $350,000 and asserting claims for injunctive relief, breach of contract, breach of fiduciary duty, conversion, and fraud. Doc. 74. On August 1, 2011, this Court entered its order of default against Bickley, for the reasons set forth therein Doc. 205.

Factors the Court should consider in deciding whether to grant default judgment

include the possibility of prejudice to Stetter, the merits of his claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect on the part of Bickley, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having reviewed the well-pled factual allegations of the amended complaint (Doc. 74), motion for entry of default judgment and exhibits in support thereof (Docs. 218, 225, 232), and having considered each *Eitel* factor in light of the record as whole, the Court finds warranted the entry of default judgment against Bickley in the amount of $350,000, plus prejudgment interest at the Arizona statutory rate (A.R.S § 44-1201) of 10% simple interest from the date of the demand (March 19, 2009) until collected.

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend or Correct Judgment (Doc. 230) is **granted**. Although Plaintiff did not file a motion for default judgment within the time allotted by the Court (Doc. 205), the Court concludes that dismissal of Plaintiff's claims against John R. Bickley, IV, as suggested in Doc. 228, would be unjust. That portion of Doc. 228 is therefore deleted by this order.

2. Plaintiff's Motion for Default Judgment (Doc. 232) is **granted**. Default judgment is entered in favor of Plaintiff and against Defendant John R. Bickley IV in the amount of $350,000, plus interest at the applicable legal rate until satisfied.

DATED this 17th day of January, 2012.

David G. Campbell
United States District Judge